## John Cary v. The City of Chicago.

1. MUNICIPAL CORPORATIONS—*Negligence of Contractor.*—A municipal corporation is not liable for the negligence of an independent contractor while engaged in the performance of his contract.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed October 31, 1895.

EDGAR TERHUNE, attorney for appellant; A. W. BROWNE, of counsel.

ROY O. WEST, BENJAMIN F. RICHOLSON, WORTH E. CAYLOR, attorneys for appellee, contended that the principle of *respondeat superior* does not, as a rule, extend to cases of independent contracts, where the party for whom the work is to be done is not the immediate superior of those guilty of the wrongful act, and has no choice in the selection of workmen, and no control over the manner of doing the work under contract.    Dillon Munic. Corp., Secs. 1028, 1029, 1030, and notes.

Where a contract is made by a municipal corporation with an individual who is a reasonably skillful and competent person in the line of his undertaking, and the undertaking is not in itself intrinsically dangerous, and the details of the undertaking outside of the general work to be done and the result to be obtained, are under the entire supervision of the contractor, independent of the municipal corporation, the contractor alone is liable for an injury arising from the negligence of an employe or a defect in the work.    Hollenbeck v. Winnebago Co., 95 Ill. 148; East St. Louis v. Giblin, 3 Ill. App. 219; Chicago City Ry. Co. v. Hennessey, 16 Ill. App. 153; Arasmith v. Temple, 11 Ill. App. 39; Andrews v. Boedecker, 17 Ill. App. 213; Hale v. Johnson, 80 Ill. 185; Herrington v. Lensingburg, 110 N. Y. 145; Blumb v. City of Kansas, 84 Mo. 112; Pack v. Mayor, 8 N. Y. 222; Kelly v. Mayor, 11 N. Y. 432; McCafferty v. S. D. R. R. Co., 61 N. Y. 178; Hexamer v. Webb, 101 N. Y. 377–383; Wood v. Watertown, 58 Hun 298; Town of Pierrepoint v. Loveless, 72 N. Y. 211; Erie v. Calkins, 85 Pa. St. 247; Clark v. Fry, 8 Ohio St. 358; Allen v. Willard, 57 Pa. St. 374; Edmundson v. Pittsburg, 111 Pa. St. 316; Goudier v. Cormack, 2 E. D. Smith (N. Y.) 254; King v. N. Y. Cent., 66 N. Y. 181; Butler v. Hunter, 7 H. & N. 826; Reedie v. London & N., 4 Exch. 244.

If one renders service in the course of an occupation representing the will of his employer only as to the result of

this work, and not as to the means by which it is accomplished, it is independent employment. Pack v. New York, 8 N. Y. 222; East St. Louis v. Klug, 3 Ill. App. 90; Mercer v. Jackson, 54 Ill. 397; East St. Louis v. Giblin, 3 Ill. App. 219; Barry v. St. Louis, 17 Mo. 121; Wood v. Mitchell, etc., 44 Ia. 27; Harrison v. Collins, 86 Pa. St. 153.

A stipulation in the contract that the engineer shall have power to direct changes in the time and manner of conducting the work is not such a reservation of power as will make the city liable for the injury occasioned by the contractor. Erie v. Calkins, 85 Pa. St. 247; Edmundson v. Pittsburg, 111 Pa. St. 319; Blumb v. City of Kansas, 84 Mo. 112; Rudin v. London, 4 Exch. 244; Kelly v. Mayor, 11 N. Y. 432; Pack v. N. Y., 8 N. Y. 222; Gourdier v. Cormack, 2 E. D. Smith (N. Y.) 256.

Mr. Presiding Justice Gary delivered the opinion of the Court.

The case made by the appellant is, that in Cottage Grove avenue was a double track street railway; that from 44th street south the avenue · had never been paved, outside of the tracks; that one Conway, under a contract with the city, was engaged in paving it; that under his contract he was obliged to use a steam roller weighing not less than fifteen tons to pack the foundation.

John Leibold was a plumber for whom the appellant worked, and they were both in a one horse wagon—Leibold driving—going south. Leibold knew for two months that the street was being paved, and saw the roller three hundred feet off, before he drove up toward it, but drove on, and when near to it, steam was blown, scaring the horse and injuring the appellant.

The court rightly instructed the jury to find for the city.

No defect is alleged in that part of the avenue occupied by the street railway. As to the residue, the duty of the city to keep it in condition for travel was suspended while paving was being done. Osgood v. Chicago, 44 Ill. App. 532; 154 Ill. 194.

Indeed, the claim of the appellant is not because of the

condition of the street, but upon the theory that the reservation in the contract with Conway, of superintendence by the commissioner of public wo ˙ks, makes the˙ city liable, for the careless (if it was careless) act of blowing steam.

Such superintendence did not constitute the driver of the steam roller the servant of the city. Fitzpatrick v. Chicago & W. Ind. R. R., 31 Ill. App. 649.

The judgment is affirmed.