JAMES M. RAIT v. NEW ENGLAND FURNITURE & CARPET COMPANY
and Others.[1]

October 21, 1896.

Nos. 10,103—(32).

Negligence—Independent Contractor—Question for Jury.

*Held* that, under the evidence, there was no error prejudicial to the defendant in the court's submitting to the jury the question whether the person who did the wrong for which it was sought to hold the defendant liable was or was not an independent contractor.

Same—Respondeat Superior.

The decisive question in determining whether the doctrine of respondeat superior applies is whether the defendant had under the contract of employment the right to control in the given particular the conduct of the person doing the wrong.

Appeal by defendant company from an order of the district court for Hennepin county, Belden, J., denying motions for a new trial and for judgment notwithstanding the verdict, after a verdict in favor of plaintiff for $5,495.    Affirmed.

*Keith, Evans, Thompson & Fairchild*, for appellant.
*Shaw, Cray, Lancaster & Parker*, for respondent.

MITCHELL, J.    Defendant's counsel, in their brief, disclaim any desire for a new trial, and expressly consent and request that the order appealed from be affirmed, unless this court shall hold that, upon the record, the plaintiff was not entitled to a verdict; that is, as we understand it, unless we shall hold that, upon the record, defendant was entitled to have a verdict directed in its favor.    The case is therefore reduced to very narrow limits.

The action was brought to recover for personal injuries caused by the alleged negligence of the defendant in throwing from the roof of its building into the street below ice and snow, which struck the plaintiff as he was passing by, and caused the injuries complained of.    It is not denied that the question whether the act itself was negligent was, under the evidence, for the jury.    But the main

[1] Reported in 68 N. W. 729.

question litigated was whether the person who was having the snow and ice removed was or was not an independent contractor. The trial court submitted that question to the jury as one of fact. The contention of the defendant is that the court should have held, as a matter of law, that the party was an independent contractor. This presents the only question which we find it necessary to consider.

The building in question was occupied by the defendant as a furniture store. Defendant had been annoyed by the roof leaking, caused by the accumulation of ice and snow, and the president of the company employed one Dinsmore, whose general occupation was that of contractor and builder, to repair the roof, so as to stop the leak. The only evidence as to the terms of the contract of employment is the testimony of the president and Dinsmore. The president's testimony was as follows:

"Q. Well, you asked him if he could stop that leak, did you? A. I did. He said, 'I can.' 'Well,' I says, 'if you can, I will be very much obliged to you. I wish you would go ahead and stop it. If you will go ahead and stop it, and not bother me about the details of it, I shall be under great obligations to you; and when you get it done, bring in your bill, and I will pay it.' Mr. Dinsmore says, 'I can fix it for you, and I will go ahead as you tell me to.' 'Well,' I says, 'go ahead, and don't bother me about it. Fix it up, and bring me the bill.'"

Dinsmore testified as follows: "Q. What was that conversation, Mr. Dinsmore? A. As I remember it, Mr. Harris came along on the sidewalk. I was out in front of my place, and he spoke about the leaks in his roof, and the ice, the water running down the face of the building on the First avenue side, and forming ice there, and which made it a very bad affair,—a very bad thing for the building, and also for the goods inside. And he wanted to know if I couldn't fix it, and I told him that I thought I could. And he says, 'Well, if you can, you go ahead and do it.' And that was the sum and substance of it. * * * Q. Did you agree to go ahead and do it? A. I told him that I would do it."

While nothing was said in this conversation in regard to removing the ice and snow, yet it is clear that it was understood by both parties that this was necessary to be done, and was part of the work which Dinsmore was to do as preparatory to repairing the roof. In pursuance of this contract, Dinsmore went on to do the work, and employed a man to go up on the roof and remove the ice and snow. It was this man who threw down into the street the ice and snow

which injured the plaintiff. The president of the defendant gave no directions during the progress of the work as to how it should be done and, when it was completed, paid Dinsmore's bill. The defendant did not surrender to Dinsmore the possession or control of its building, but continued to occupy it and carry on its mercantile business in it as usual. Its officers and employés, as well as the public that traded there, continued to enter and depart from it as before.

The terms "independent contractor" and "servant," as applied to the subject in hand, are somewhat unsatisfactory, but are used for want of better ones. The word "servant," as used in this connection, is applicable to any relation in which, with reference to the matter out of which the alleged wrong has sprung, the person sought to be charged had the right under the contract of employment to control, in the given particular complained of, the action of the person doing the alleged wrong. In every case the decisive question in determining whether the doctrine of respondeat superior applies is, had the defendant the right to control in the given particular the conduct of the person doing the wrong. If he had, he is liable. On this question the contract under which the work was done must speak conclusively, in every case reference being had, of course, to surrounding circumstances. If defendant had such control, the mere fact that the agent who did the injury carried on a separate and independent employment will not absolve his principal from liability. If this control existed, it makes no difference whether the person doing the injury was the "servant" of the defendant, in the popular sense of that word, or a person merely employed to do a specified job or piece of work.

There is eminent authority for holding, as a matter of law, that Dinsmore was not an independent contractor. See Brackett v. Lubke, 4 Allen, 138; Sadler v. Henlock, 4 El. & Bl. 570. But it is not necessary to go so far in this case. Under all the circumstances, it was, at least, a question for the jury to say whether, in employing Dinsmore to fix this roof, the defendant surrendered all control over his actions as to the manner of removing the ice and snow from the roof of the building. This is all that it is necessary to decide for the purposes of this appeal.

Order affirmed.