GEORGE VOSBECK v. H. M. KELLOGG and Others.

November 28, 1899.

Nos. 11,846—(106).

**Negligence—Independent Contractor.**

> *Held*, the evidence is conclusive that, as to the particular complained of, the person in charge of the work was an independent contractor, for whose negligence the respondent is not liable.

**Erection of Telephone Line—Power of Company to Contract against Negligence.**

> A telephone company was licensed by ordinance to erect telephone poles and wires in the streets and alleys of the city, and made a contract with K. by which he agreed to do the work. A child of 5 years of age was injured by voluntarily grabbing with its hands a rope which was being drawn through a pulley when stringing the wire on the poles. *Held*, the negligence in this case was not in obstructing the street, but in failing to keep the child away from the rope; and the duty owing by the telephone company was not one from which, as between it and the public, the telephone company could not relieve itself by contracting with another to do the work.

**New Trial—Newly-Discovered Evidence.**

> Rule applied that an order refusing a motion for a new trial on the ground of newly-discovered evidence will not be reversed where such evidence is merely cumulative, or where sufficient diligence is not shown, or sufficient cause for failing to discover the evidence before the last trial.

Action in the district court for Blue Earth county against H. M. Kellogg, the Mankato Citizens Telephone Company, and the city of Mankato to recover $15,000 for personal injuries sustained by plaintiff's minor child. The issues between plaintiff and defendants Kellogg and the telephone company were tried before Severance, J., who directed a verdict in favor of defendant company. The jury rendered a verdict in favor of plaintiff and against defendant Kellogg for $3,500. From an order denying a motion for a new trial, as against the company, plaintiff appealed. Affirmed.

*J. O. Andrews* and *H. L. Schmitt,* for appellant.

The contract did not create the relation of independent contractor between the company and Kellogg. He was merely the agent or servant of the company. City of St. Paul v. Seitz, 3 Minn. 205 (297); Rait v. New England F. & C. Co., 66 Minn. 76; Gahagan v. Aermotor Co., 67 Minn. 252; Singer Mnfg. Co. v. Rahn, 132 U. S. 518; Huff v. Ford, 126 Mass. 24; Water Co. v. Ware, 16 Wall. 566; Linnehan v. Rollins, 137 Mass. 123; Inhabitants v. Boston, 23 Pick. 24; 5 Thompson, Corp. § 6278. Under the evidence it was for the jury to say whether Kellogg was an independent contractor. Gahagan v. Aermotor Co., supra.

Under the franchise, the company owed a personal and direct duty to the city and the public so to use the privileges granted as not to endanger the person or property of any person rightfully on the streets or alleys, and this duty the company could not shift by contract with an independent contractor. 1 Thompson, Neg. 343; Darmstaetter v. Moynahan, 27 Mich. 188; City v. Reid, 41 Neb. 214; Colgrove v. Smith, 102 Cal. 220; Chicago v. Myers, 168 Ill. 139; McWilliams v. Detroit, 31 Mich. 274; Downey v. Low, 22 App. Div. (N. Y.) 460; West v. St. Louis, 63 Ill. 545; Weber v. Buffalo, 20 App. Div. (N. Y.) 292; Cabot v. Kingman, 166 Mass. 403; Fowler v. Saks, 7 Mackey, 570; Hawver v. Whalen, 14 L. R. A. 828, and notes; Smith v. Milwaukee, 91 Wis. 360; Nichols v. City of Minneapolis, 33 Minn. 430; Engel v. Eureka, 137 N. Y. 100; Spence v. Schultz, 103 Cal. 208; 5 Thompson, Corp. § 6349.

The construction of the telephone line was intrinsically dangerous, and it was at least for the jury to say whether it was not so. 29 Am. & Eng. Enc. 948; Robbins v. Chicago City, 4 Wall. 657, 679; Storrs v. City, 17 N. Y. 104; Railroad v. Morey, 47 Oh. St. 207; Woodman v. Metropolitan, 149 Mass. 335; Hundhausen v. Bond, 36 Wis. 29; Palmer v. City, 5 Neb. 136; Hawver v. Whalen, supra; Water Co. v. Ware, supra; Rowell v. Williams, 29 Iowa, 210; Darmstaetter v. Moynahan, supra; 2 Dillon, Mun. Corp. § 1030; City v. Reid, supra; Village v. Chapman, 127 Ill. 438; City v. Jensen, 35 Neb. 68.

*W. A. Funk, W. N. Plymat* and *Lorin Cray*, for respondent.

Kellogg was an independent contractor. Smith v. Milwaukee, 91 Wis. 360; Hughbanks v. Boston, 92 Iowa, 267; Gahagan v. Aermotor Co., 67 Minn. 252; Rait v. New England F. & C. Co., 66 Minn. 76; Weber v. Buffalo, 20 App. Div. (N. Y.) 292; Humpton v. Unterkircher, 97 Iowa, 509; Callan v. Bull, 113 Cal. 593; Emmerson v. Fay, 94 Va. 60; Baumeister v. Markham, 101 Ky. 122; Barg v. Bousfield, 65 Minn. 355; Cary v. City, 60 Ill. App. 341; Burns v. McDonald, 57 Mo. App. 599; Harding v. City, 163 Mass. 14; Negus v. Becker, 143 N. Y. 303; Hawke v. Brown, 28 App. Div. (N. Y.) 37; Cullom v. McKelvey, 26 App. Div. (N. Y.) 46; North Chicago v. Dudgeon, 69 Ill. App. 57; Sanford v. Pawtucket, 19 R. I. 537; Leavitt v. Bangor, 89 Me. 509; Wiese v. Remme, 140 Mo. 289; Kuehn v. City, 92 Wis. 263; McDermott v. McDaneld, 55 Ill. App. 226; O'Connor v. Schnepel, 12 Misc. (N. Y.) 356; Wadsworth v. Foster, 50 Ill. App. 513; Conway v. Furst, 57 N. J. L. 645; 1 Harris, Dam. Corp. § 259; Pack v. Mayor, 8 N. Y. 222; Kelly v. Mayor, 11 N. Y. 432; City of St. Paul v. Seitz, 3 Minn. 205 (297); Water Co. v. Ware, 16 Wall. 566; Wharton, Neg. (2d Ed.) §§ 181, 182; Tiedeman, Mun. Corp. § 347; Dooley v. Town, 112 Ind. 451; Pioneer v. Hansen, 176 Ill. 100. It was the duty of the court to construe the contract.

A city is not responsible for the negligent acts of its independent contractor, except when the contract of letting contemplates an undertaking intrinsically dangerous, or which has a natural tendency to endanger the public by making the streets and alleys unsafe for travel. A municipality cannot impose on a third party by franchise or license a duty as to the public which it does not itself owe; and it owes no duty to adults or children to have its streets and alleys free from appliances which may cause injury if improperly handled or meddled with. Emerson v. Peteler, 35 Minn. 481. See North Chicago v. Dudgeon, supra; Sanford v. Pawtucket, supra; Pack v. Mayor, supra; Kelly v. Mayor, supra; City of St. Paul v. Seitz, supra; Water Co. v. Ware, supra; Wharton, Neg. (2d Ed.) § 181; Overton v. Freeman, 11 C. B. 867; O'Connor v. Schnepel, supra.

CANTY, J.[1]

The Mankato Citizens Telephone Company obtained from the city of Mankato a franchise to construct telephone lines in that city, and for that purpose to erect poles in the public streets and alleys, and string wires thereon. During such construction, plaintiff's infant child was injured by having its hands caught in a pulley through which a rope was being drawn. One end of the rope was pulled by a team of horses. The other end was attached to several wires which were being strung on the cross arm at the top of one of the poles. The rope was brought down from the top of that pole to the base of the next pole, where the pulley was attached. The rope was then passed through the pulley, attached to the whiffletree, and the horses pulled in the opposite direction from that in which the wires were being drawn. The rope passed through the pulley, about two and one-half feet from the ground. The child, between four and five years of age, was discovered with its hands caught in this pulley; and it is to be inferred from the circumstances that the child, seeing the moving rope, went up and grabbed it with both hands, and held it until the hands were drawn into the pulley. This part of the line was being constructed through an alley, and the injury occurred near the rear of plaintiff's house, where his children were in the habit of playing.

This action is brought by the father, under G. S. 1894, § 5164, to recover damages from the telephone company, the city, and Kellogg, the contractor, on the ground that the injury was caused by their negligence. On the trial the court ordered a verdict for the telephone company, and plaintiff appeals from an order denying his motion for a new trial.

1. The telephone line was being constructed by the contractor, Kellogg; and appellant's counsel contend that he was not an independent contractor, but that, for the purpose of this action, the telephone company and Kellogg bore to each other the relation of master and servant. By the terms of the contract between them, Kellogg agreed to furnish "all necessary labor, skill, material, apparatus, supplies, and machinery," and to construct and complete the

[1] BUCK, J., absent.

work, a part of which was to equip the exchange with telephones and a switch board; "said telephones and switch board to be installed, located, and placed as and where directed" by the telephone company. The contract further provides,

"All said work to be performed and material to be furnished under the supervision, and subject to the approval, of said party of the second part [the telephone company], and a competent person to be selected by said party of the second part."

The company appointed one Willard to look after the work of construction on its part. What he did in the matter of supervising the work is summed up in his own testimony as follows:

"I was to watch and see that the holes were dug the proper depth, and that all poles were set straight and plumb, and to see that all poles were sound and well tamped, and that the cross arms were straight on the poles, and to see that all joints of the wires were all soldered, and such things as that."

He testified that he did all of these things in supervising the work, and there is no evidence to show that he interfered in the work, or took part in the management of it, to any greater extent, or in any other respect.

If Kellogg represented the will of the telephone company only as to the result of the work, and not as to the means by which that result was accomplished, he was an independent contractor. Barg v. Bousfield, 65 Minn. 355, 68 N. W. 45. Whether or not Kellogg was an independent contractor, as regards the means to be employed in stringing the wires, depends on whether or not the telephone company had, under the contract, a right to control the actions of Kellogg as to such means. Gahagan v. Aermotor Co., 67 Minn. 252, 69 N. W. 914; Rait v. New England F. & C. Co., 66 Minn. 76, 68 N. W. 729.

In our opinion, the contract should not be construed as giving the telephone company the right to control the action of Kellogg in the particular here in question. What the contract means is that the telephone company should have the right to supervise as to results, —not merely as to the final result obtained when the work is completed, but also as to the intermediate results obtained from time

to time as the work progressed. It was not intended by the contract to give the telephone company the right to dictate the means by which these intermediate results should be obtained. The telephone company had no right to say whether the pulley should be attached two feet higher or two feet lower than it was attached, or to say that the horses should pull in the direction the wires were being drawn, or in the opposite direction, or that the pulley should be adjusted accordingly. Then we are of the opinion that, as to the given particular complained of, Kellogg was an independent contractor. For similar cases, see Hughes v. Railway, 39 Oh. St. 461; Smith v. Milwaukee, 91 Wis. 360, 64 N. W. 1041; Humpton v. Unterkircher, 97 Iowa, 509, 66 N. W. 776; Fitzpatrick v. Chicago, 31 Ill. App. 649; Cary v. City, 60 Ill. App. 341.

If, on the evidence, it is doubtful whether the person in charge of the work is an independent contractor, the question is one for the jury; but, in our opinion, a finding in this case that the telephone company had a right to control the means by which the wire should be stretched could not be sustained.

2. The city ordinance which licensed the telephone company to construct the telephone lines provided that

"All poles and lines erected in the streets, alleys or public grounds of said city shall be erected as approved by the common council of said city and under the direction of the committee on streets, alleys and grades and of said common council."

It was further provided,

"Said poles and wires shall be placed and maintained so as not to interfere with public travel or any public improvement on said highways or in said city, and said company shall hold said city free and harmless from all damages arising by reason of any abuse or negligence in said occupancy. * * * And this grant is made and is to be enjoyed subject to all such reasonable regulations and ordinances of a police nature, governing this and like companies within said city, as said common council may be authorized or see proper at any time to adopt, not destructive of the right herein granted."

Appellant contends that under this ordinance the telephone company was bound to protect the public from the danger incident to

the construction of this line, and could not relieve itself of that liability by contracting with another to do the work. With regard to obstructions in the street which make it dangerous to the traveling public, it may be conceded that the telephone company cannot relieve itself from liability by so contracting with another; and whether such liability arises under this ordinance, or under the general principles of law, we need not now consider. But, in our opinion, this is not such a case. It is not a case of negligently obstructing the street, but of negligently failing to keep a child of tender years and want of discretion from voluntarily interfering with one of the appliances used in doing the work; and the case does not come within that rule. Neither is it, as regards the particular complained of, a case of contracting with another to do work intrinsically dangerous. True, the ordinance provides that the telephone company shall hold the city free and harmless from all damages, and, if the city were compelled to pay such damages, it might have a cause of action against the telephone company; but no such case is before us.

3. The court did not err in refusing to grant the motion for a new trial on the ground of newly-discovered evidence. Such newly-discovered evidence was merely cumulative, and no sufficient diligence is shown, or reason why it was not discovered before the last trial.

Order affirmed.