ARTHUR ALDRITT v. GILLETTE-HERZOG MANUFACTURING COMPANY.[1]

January 10, 1902.

Nos. 12,735—(123).

**Master and Servant—Respondeat Superior.**

The liability of one person for the negligent acts and omissions of another rests upon the relation of superior and subordinate, as master and servant, and the consequent control which the superior has over the acts of the subordinate in the performance of his duties. There can be no such liability, therefore, unless such relation and such right of control exist, either by force of the contract between the parties, or the duty to assume control is imposed, as a matter of law, by reason of some peculiar relation the person for whom the work is being performed bears to third persons as to the time, place, or manner of performance.

**Same.**

Where such relation of superior and subordinate does not exist, the doctrine of respondeat superior does not apply.

**Evidence.**

Evidence examined, and *held* not to show such relationship, and to be conclusive that defendant was not responsible for the negligent acts and omissions of certain subcontractors in this case.

Action in the district court for Hennepin county to recover $2,500 for personal injuries. The case was tried before Brooks, J., who directed a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*F. D. Larrabee,* for appellant.

*Koon, Whelan & Bennett,* for respondent.

BROWN, J.

This was an action to recover damages for personal injuries alleged to have been caused by the negligence of defendant. A

[1] Reported in 88 N. W. 741.

verdict was directed for defendant in the court below, and plaintiff appealed from an order denying a new trial.

The facts are as follows: One John Wunder had entered into a contract with the owner, and was engaged in the construction of a building in the city of Minneapolis. Subsequently he entered into a contract with defendant in this action, by which it undertook and agreed to furnish and erect at such times as might be required by him all the structural ironwork of the building, including beams, beam fittings, and trusses. Defendant in turn subsequently sublet the same to the firm of Winblad & Bruce, and that firm entered upon its performance. Just prior to the time complained of, the subcontractors, Winblad & Bruce, had deposited in the street adjacent to the building a quantity of material to be used in the performance of the contract, including a large iron beam, which was so placed that it extended across the street. On the night of August 4, 1900, at about eleven o'clock, and while said large iron beam was so across the street adjacent to said building, plaintiff, who was riding a bicycle thereon, without fault on his part, ran his wheel into the beam, and received the injuries complained of. Plaintiff brought this action for damages against defendant on the theory that, as it had the contract for doing the work mentioned, namely, the structural ironwork, and having sublet the same to Winblad & Bruce, the latter were its employees and servants, for whose negligence it is liable. Whether Winblad & Bruce were employees and servants of defendant in the performance of the contract, or whether they were independent contractors, is the only question in the case.

The liability of one person for the negligent acts and omissions of another rests upon the relation of superior and subordinate, as master and servant, and the consequent control which the superior has over the acts of the subordinate in the performance of his duties. There can be no liability, therefore, unless such relation and such right of control exist, either by force of the contract between the parties, or the duty to assume control is imposed, as a matter of law, by reason of some peculiar relation the person for whom the work is being performed bears to third persons with respect to the time, place, and manner of performance. It was

said in Rait v. New England F. & C. Co., 66 Minn. 76, 68 N. W. 729, that the question whether the doctrine of respondeat superior applies to any particular case depends upon the question whether the original contractor had control of and the right to direct the subcontractor as to time, place, and manner of performing the work; and this question must be determined from the contract between the parties in the light of surrounding circumstances. If he had such control and right of direction, he is liable for the negligence of the subcontractor, and cannot absolve himself from such liabilities on the claim of independent relation.

The question in the case at bar is whether defendant had, by the terms of the contract between it and Winblad & Bruce, the right to control and direct them as to the time, place, or manner of performing the contract in question. It cannot be claimed that defendant owed any special duty, as a matter of law, to third persons, with reference thereto; and the place of performance was, of course, at the building upon which the work was to be done. We find nothing in the contract between the parties reserving in defendant the right to control Winblad & Bruce as to the time or manner of doing the work. Defendant was not the owner of the building, and was not charged with any duty to customers or persons in or about the building to keep the same in safe condition and free from danger of personal injury. Consequently it was under no legal obligation to assume such duty, nor, so far as the evidence shows, did it have possession or control of the building. Its contract extended to but a portion of the work, and the possession and control of the structure was in the original contractor, John Wunder. The work was performed by the contractors Winblad & Bruce with the acquiescence and consent of Wunder, who had the general supervision thereof; and they were, as respects defendant, independent contractors, for whose negligence it was not responsible. The court was therefore right in directing a verdict for defendant. Moreover, the accident causing plaintiff's injuries did not, in fact, result from the manner in which Winblad & Bruce were performing their contract, nor from the time or place of performing it, but solely from their negligence in placing the material to be used in the work in the public street adjacent to the

building.  Certainly defendant had no control over Winblad & Bruce as to where they should deposit the materials to be used in performing their contract, nor was it under any duty or obligation to see that they did not deposit it in the public street.  The case of Vosbeck v. Kellogg, 78 Minn. 176, 80 N. W. 957, is very similar to the case at bar, and is controlling.

Order affirmed.