SAMUEL C. RAY v. JONES & ADAMS COMPANY and Another.[1]

May 6, 1904.

Nos. 13,794, 13,795—(33, 34).

**Negligence of Servant—Liability of Master.**

In an action for personal injuries occurring through a fall by a pedestrian into a coal hole of a sidewalk negligently opened by the servant of a dealer in coal, who was permitted by the abutting owner to use the same, whereby a traveler lawfully on the walk was precipitated therein and injured, *held*:

1. That on the facts the defendant whose employee opened the coal hole was liable for the negligence of his servant.

[1] Reported in 99 N. W. 782.

2. That the action was properly submitted as to the negligence of the deliverer of the coal.

3. That the damages were not excessive.

4. That while the employee of the company delivering the coal was not the servant of the latter, or under its immediate supervision or control, yet such owner, by reason of the public character of the sidewalk, its privilege of maintaining the opening therein, and the benefits accruing to it by reason of its use, was bound to exercise reasonable care, in guarding such covering or protecting an opening caused by removing coverings therefrom to prevent injury to persons lawfully on the walk, and for its failure to do so was answerable for its want of ordinary care in that respect.

Action in the district court for Ramsey county against Jones & Adams Company and Manhattan Light, Heat & Power Company, to recover $4,150 for personal injuries sustained by plaintiff in falling through an unguarded coal hole in a sidewalk. The case was tried before Brill, J., and a jury, which rendered a verdict in favor of plaintiff for $1,500. From an order overruling their separate motions for judgment notwithstanding the verdict or for a new trial, defendants separately appealed. Affirmed as to both defendants.

*Henry Conlin,* for appellant Jones & Adams Co.

*F. M. Catlin,* for appellant Manhattan Light, Heat & Power Co.

The rule of independent contractor applies as to this appellant. Rait v. New England F. & C. Co., 66 Minn. 78; Gahagan v. Aeromotor Co., 67 Minn. 255; Barg v. Bousfield, 65 Minn. 355; Whitson v. Ames, 68 Minn. 23; Vosbeck v. Kellogg, 78 Minn. 176; Aldritt v. Gillette-Herzog Mnfg. Co., 85 Minn. 206. The principle is well established that an employer may exercise or reserve by contract the right to supervise and control the scope and results of the work of an independent contractor without affecting the independence of the relation, provided he do not direct as to the mode of arriving at such results. 16 Am. & Eng. Enc. (2d Ed.) 188, 189; Morgan v. Smith, 159 Mass. 574; Slater v. Mersereau, 64 N. Y. 145; Charlock v. Freel, 125 N. Y. 360; Butler v. Townsend, 126 N. Y. 106; Currier v. Henderson, 85 Hun, 300; Little v. Hackett, 116 U. S. 366; Louisville v. Conroy, 63 Miss. 562; Burton v. Galveston, 61 Tex. 526.

*Franklin H. Griggs,* for respondent.

LOVELY, J.

Plaintiff sustained injuries by falling into an open coal hole in a public sidewalk near the intersection of Fifth and Robert streets, adjacent to the Manhattan Building, in the city of St. Paul. This action was brought against the Jones & Adams Company, who were delivering coal at the place of the accident at the time, and against the Manhattan Light, Heat & Power Company, the owners of the building, to whom the coal was being delivered on a contract therefor between the latter and the coal company. Defendants each appeared by separate counsel and contested the plaintiff's right to recover. There was a verdict for the plaintiff against both defendants, and each moved severally for judgment or a new trial in the alternative, which motions were denied. The appeals are from these orders.

The accident occurred about the noon hour, when the public thoroughfare at the place was in general use by many pedestrians. The plaintiff, among them, was walking leisurely over the same with two companions, when the iron cover of a coal hole was suddenly lifted from the walk by a person beneath, and the plaintiff's foot inadvertently was caught and slipped therein, when he received the injuries of which he complains.

For three months previous to the accident the coal company had been engaged under contract in supplying coal for the Manhattan Company's building, delivering about four carloads per week. In doing this, it would send its teams to the north side of the building on Fifth street, where there were two iron covers in the sidewalk, which opened thereon, and a few feet west was a smaller circular opening covered with a disc, which was the one into which plaintiff fell. These coverings were necessarily required to remain closed except when opened to permit deliveries for the building, and were essential portions of the sidewalk for the necessary, continuous, and general use of the public. Beneath these coverings there was an area or open space which was a part of the building, in which were two bins adjoining each other, where coal would be deposited through the iron covers as occasion required. There was sufficient room in this area for a person to stand, and on the occasion referred to, the supply of coal having been unusual in quantity, the bin beneath the circular disc became clogged, and the coal company sent one of its servants (Anderson) with a teamster to

remove the same from the opening. When he came the disc was opened, he went into the bin, the hole was covered for the use of travel, and he proceeded with the work assigned him. After having finished this work, and hearing sounds that indicated that the teamster had returned, Anderson, from underneath, rapped upon the disc above him to attract attention, then at once pushed the cover from the hole, which threw it upon the sidewalk. The plaintiff, by reason of this opening in the walk at the place where travelers were continually passing, was precipitated into it and was injured.

The alleged substantive grounds of negligence were the opening of the hole and the failure to give warning. While the counsel for the coal company has contested the liability of his client to respond in damages, we are satisfied from a critical review of the evidence that the claim of the plaintiff in this respect must be sustained upon the facts, and that the servants of the coal company, among whom was Anderson, were as a matter of law derelict in causing this temporary interference with the rights of the public. Counsel for appellant with much earnestness and ability has contested the right to recover against the coal company, upon the ground that Anderson was temporarily the servant of the Manhattan Company, that his departure from the coal hole was his own independent act, not connected with his employment by the coal company, hence not the proximate cause of plaintiff's injury, as well as that the amount of damages awarded ($1,500) was excessive.

It would serve no useful purpose to review the evidence, or to discuss elementary propositions of law sustaining the liability of an employer for the negligent acts of his servant. These principles are too well settled to admit of dispute. The cause was fairly submitted by the trial court upon the issues made between the plaintiff and the coal company, and we are not able to discover any error indicated by the amount of the verdict—which was approved by the learned trial court—that would justify us in setting it aside for that reason. Neither do we think that it was error for the trial court to decline to instruct the jury that, if the Manhattan Company was liable for the acts of Anderson, the coal company was not.

It appears from the evidence that the Manhattan Company permitted the coal company to use the openings in the sidewalk on the public way adjacent to its building for its benefit, and the serious contention by that

defendant arises upon its claim that it had no contract relation with the coal company or its servants, that in putting the coal into these openings the former occupied the position of an independent contractor, and that the Manhattan Company was not responsible for its acts or those of Anderson.

This question is a new one in this court, but we think, upon a fair appreciation of the essential principles involved, is not difficult. It must be borne in mind that the place where the opening in the Manhattan Company's sidewalk existed was a public thoroughfare, which pedestrians were permitted and invited to use when necessary, and the use of the same by the owner of the building was subordinate to the public rights in these respects. That the work which was being done was of utility, and justified a lawful use of the sidewalk and the openings by the owner of the building or those who served its interests, may be conceded, yet from the very nature of such use the reasonable protection that is obvious and essential to such public rights was required. Under these circumstances the Manhattan Company could not receive the benefits to be given by the coal company in using the opening over its area under the walk to supply it with coal and renounce all interests therein, to the manifest jeopardy of the rights of travelers and pedestrians over the public thoroughfare. The movable coverings of the coal hole openings were retained in the walk by the Manhattan Company to the extent of their proper use only, and in exercising its privilege in this regard was involved the manifest duty to maintain them properly guarded, or protect them by such practical and reasonable means as would prevent their use from being a menace and trap to travelers on the sidewalk who had a right to pass thereon; and, if it failed to exercise ordinary care in this respect, the permission which it gave to the coal company to remove the covers ought not and could not relieve it from legal responsibility for accidents which might arise from its negligence.

Had there been no public interest involved, or had the coal been delivered upon the private property of the Manhattan Company, an injury would not probably have resulted, and a liability would not have arisen from Anderson's act, except, perhaps, in the case of a trap or pitfall; but upon the public thoroughfare, under the plainest principles of common prudence, there was a duty of protection incumbent

upon the owner of the building, which it could not shirk or decline to recognize, and, if it ignored that duty and permitted the coal company to use its premises and the abutting sidewalk which the public also had a right to use, then there was a privity of obligation arising from the rights of the public between the owner of the building and the coal company and its servants to make the use reasonably safe, and either ought to be liable for the absence of such care as the circumstances of the case required. It was undoubtedly the duty of the coal company to use ordinary care in the delivery of the coal, but we are of the opinion that the owner, notwithstanding the fact that the business of delivering the coal was within the contract with the coal company, still owed a duty either to see that the company did its duty, or should have properly warned pedestrians on the highway of the dangers incident to such acts which it authorized, and might occur from the use it licensed to occasion their injury. Pickard v. Smith, 10 C. B. (N. S.) 470; King v. Herb, 18 Ohio C. C. 41; Benjamin v. Metropolitan, 133 Mo. 274, 34 S. W. 590; Woodman v. Metropolitan, 149 Mass. 335, 21 N. E. 482; Downey v. Low, 22 App. Div. 460, 48 N. Y. Supp. 207.

The distinction between the relation of an independent contractor and the position occupied by the Manhattan Company is recognized, though not directly passed upon, in Vosbeck v. Kellogg, 78 Minn. 176, 80 N. W. 957; Aldritt v. Gillette-Herzog Mnfg. Co., 85 Minn. 206, 88 N. W. 741.

The orders appealed from must be affirmed.