FROST *vs.* THOMAS.

A special deputy is bound to show his warrant if requested to do so, and if he omit, the party against whom the warrant is may resist an arrest, and the warrant under such circumstances is no protection against an action for an assault, battery and false imprisonment.

ERROR from the Montgomery common pleas. Thomas sued Frost for an assault, battery and false imprisonment. The defendant attempted to justify as a *special deputy* in serving a *warrant for larceny*, issued by a justice of the peace. The plaintiff required the defendant to show him *the warrant, before he would submit to the arrest, which the de- [ *419 ] fendant not doing, the plaintiff resisted and the defendant beat him. The court charged the jury that if the defendant did not show the warrant to the plaintiff, he was a trespasser. The jury found a verdict for the plaintiff, and the defendant on a bill of exceptions, sued out a writ of error.

*N. Hill, Jun.*, for the plaintiff in error, insisted that a special deputy authorized to execute a criminal warrant, is not a trespasser for refusing to show his warrant at the time of the arrest. He cited *Arnold & Steves* v. *Frost*, 10 *Wendell*, 514 ; 1. *Russell on Cr.* 513, *n. e. and* 516 ; 1 *Hale's Pleas of the Crown*, 459 ; *Roscoe's Cr. Ev.* 626 ; *Cro. Jac.* 485 ; 9 *Co.* 69 ; 6 *Id.* 54 ; 2 *Hawk., B.* 2, *ch.* 13, § 28 ; 1 *Chitty's Cr. L.* 50, 51.

*J. A. Spencer*, contra.

The court *held* that a special deputy is bound to show his warrant if requested to do so, and if he omit, the party against whom the warrant is may resist an arrest, and the warrant under such circumstances is no protection against an action for an assault, battery and false imprisonment. *See The People* v. *Hubbard, ante.*

Judgment affirmed.