SUSAN W. MUSSEY, administratrix of estate of Charles Mussey, *vs.* JOHN MUSSEY.

Cumberland.    Decided July 1, 1878.

*Trial.*

Where, in the trial of a cause, evidence apparently irrelevant is admitted against objection, on the statement of counsel that its pertinency will be made to appear by evidence afterwards to be produced, its admission will be error and cause for a new trial unless the connecting link in the chain of evidence is supplied.

ON EXCEPTIONS.

ASSUMPSIT on the following paper, dated Portland, November 24, 1856, signed by the defendant and addressed to Mr. Charles Mussey, Portland:

" Brother Charles :—The re-building Mussey's Row, which was destroyed by fire a short time after my return, in June last, has occupied pretty much the whole of my thoughts, as well as time, this season. Before returning, I had concluded to assure you that you might rely on me for such pecuniary aid as would be necessary for your comfort and convenience during our lives. Although my verbal assurance would be sufficient for that purpose generally, circumstances might happen which would render a written one more satisfactory to your feelings and position.

" To this end, therefore, I hereby engage to appropriate seven hundred dollars annually, the same to be paid you semi-annu-

ally, in the months of January and July in each year, so long as you and I shall live. And I authorize you to call on my attorney, John Rand, esq., who is hereby directed and empowered to pay the same at the times aforesaid, and charge such payments to my account. Should you survive me, you will find I have already provided in my will for the continuance of the payment of the same amount annually, during your life."

The defense was want of a valuable consideration. To prove such consideration, the plaintiff put in evidence, against the defendant's objection, the following papers, dated Portland, December 1, 1838, and signed by the defendant, the first of which was witnessed by John Rand:

"For a valuable consideration received of Charles Mussey, of Portland, I hereby agree to sell and convey, by deed of quitclaim, to said Charles Mussey, the property conveyed to me by said Charles Mussey, on the third day of July, A. D. eighteen hundred and thirty-seven, by his mortgage deed of that date, recorded in the Cumberland registry, B. 153, p. 260. And on the twenty-second day of October, A. D. eighteen hundred and thirty-eight, by his quitclaim deed of that date, recorded in the Cumberland registry, B. 160, p. 164. Upon his paying me such sums of money, with interest, as I shall pay to the president, directors and company of the Casco bank, by virtue of my guarantee to said bank, dated the third day of July, A. D. eighteen hundred and thirty-seven, given on said Charles Mussey's account, and also paying me such further sum or sums, damages, expenses and costs as I may pay to any person or persons or corporation on account of the property above referred to, with interest on said sums so paid.

" Provided that the amount of the purchase, with interest, made by the president, directors and company of the bank of Cumberland, under their execution against said Charles Mussey, on the twenty-second day of October last past, be paid and satisfied by said Charles Mussey, within the time allowed by law."

" Whereas Charles Mussey, on the thirteenth day of June last, indorsed over to me his interest in the note of Thomas Merrill, dated July 27, 1827, payable to said Charles and myself, and also

assigned his interest in the mortgage given as security for said note, now I hereby agree to account with said Charles for whatever sum I may realize from said note, by adjustment of our accounts." ·

The verdict was for the plaintiff for $5,075; and the defendant alleged exceptions, which appear in the opinion.

*N. Webb & L. D. M. Sweat*, for the defendant.

*W. L. Putnam* with *W. M. Sargent*, for the plaintiff.

WALTON, J. This case is before the law court on exceptions to the admission of evidence.

The action is assumpsit. It is founded upon a promise contained in a letter from the defendant, John Mussey, to his brother, Charles Mussey, dated Nov. 24, 1856. In that letter the defendant assured his brother that he might rely upon him for such pecuniary aid as would be necessary for his comfort and convenience; and he therein engaged to appropriate seven hundred dollars annually, to be paid to him semi-annually, for that purpose. The only question at the trial was whether this promise was gratuitous or founded upon a valuable consideration. The plaintiff had averred in her declaration that it was founded upon a valuable consideration, and the burden was upon her to prove such a consideration.

For this purpose she offered two papers signed by the defendant, dated December 1, 1838,—nearly eighteen years prior to the date of the defendant's letter—by one of which the defendant agreed to account with Charles Mussey for whatever should be realized on a certain note therein described, and by the other to convey to him certain real estate upon his paying certain sums of money and performing certain other conditions therein mentioned. As these papers were not referred to in the defendant's letter containing the promise on which the suit was brought, and did not appear to have any connection with it, they were objected to as irrelevant, but admitted by the court and allowed to go to the jury.

We think they should have been excluded. It is a fundamental rule governing the introduction of evidence that it must be rele-

vant; that is, it must have some tendency to prove or disprove one or more of the facts in issue. We think this evidence had no such tendency.

The only question was whether the defendant's promise was gratuitous or supported by a valuable consideration. The consideration sought to be proved was the alleged compromise of the claims of Charles Mussey against his brother. Assuming that Charles had such claims against his brother, real or pretended,— and for the purposes of this inquiry it is not material which— what evidence is there in the case that the promise declared on was either made or accepted as a compromise of them? Not a scintilla. The character of the promise, the language employed in making it, and the manner in which it was communicated to the promisee, all negative such a conclusion. A life annuity is not the usual mode of extinguishing business claims between persons *sui juris.* "You may rely on me for such pecuniary aid as will be necessary for your comfort and convenience," is not the language of a debtor to a creditor. A letter from the debtor to the creditor is not the usual mode of prepetuating the evidence of a settlement. The evidence would be in the hands of the wrong party. Besides, the letter on which this action is founded contains no allusion whatever to business transactions between the parties, nor to the settlement of any claims growing out of business transactions, nor to the settlement or compromise of any claim or claims whatever. The inference to be drawn from the letter itself is that the promise therein contained was gratuitous, and not founded upon a valuable consideration; and we fail to find a scintilla of evidence in the case which has the slightest tendency to repel this presumption. The evidence offered for that purpose was apparently irrelevant, and this apparent irrelevancy was not removed by any other evidence in the case.

We have not overlooked the fact that in the trial of causes evidence apparently irrelevant often is, and, from the necessity of the case, must be admitted upon the statements of counsel that its pertinency will be made to appear by evidence afterward to be produced. But when this is done counsel must see to it at their peril that the connecting link in the chain of evidence is supplied;

for, if this is not done, and the evidence was seasonably objected to, its admission will be error, and cause for a new trial. To hold otherwise would virtually repeal the rule of law excluding irrelevant evidence.

The efforts to get before juries evidence which can have no other effect than to create in their minds some improper prejudice or bias, are constant, persistent, and too often successful. It is a practice which ought not to be encouraged. To hold that evidence apparently irrelevant may be received upon the statement of parties or their counsel that its relevancy will afterward be made to appear, and then allow it to remain in, when no such evidence is produced, and then hold that no peril is thereby incurred, would greatly encourage a practice which is already an existing evil, and virtually repeal a valuable and fundamental rule of the law of evidence.

We do not mean to say that a new trial should be granted for every inadvertent or accidental admission of irrelevant evidence. Such is not the law. If the court can see that the irrelevant evidence was perfectly harmless,—that it could not by any possibility have had any improper influence upon the jury—a new trial may properly be refused. But when, in addition to being irrelevant, it is of such a character as to be liable to mislead, confuse, or improperly influence the jury, a new trial should be granted. And such we understand to be the well settled rule of law. *Ellis* v. *Short*, 21 Pick. 142. *Farnum* v. *Farnum*, 13 Gray, 508. *Brown* v. *Cummings*, 7 Allen, 507. *Ellingwood* v. *Bragg*, 52 N. H. 488.

The documentary evidence to which we have referred,—we mean the two papers signed by the defendant, dated December 1, 1838—was, at the time it was offered by the plaintiff, apparently irrelevant to the issue being tried; it was seasonably and specifically objected to by the defendant upon the ground of its irrelevancy; its apparent irrelevancy was not removed by any other evidence produced at the trial; in addition to its irrelevancy, it was such evidence as would be liable to influence the jury improperly; they were not instructed to disregard it, but, on the contrary, were told that they might take it into consideration in

determining whether or not there was a legal consideration for the promise declared on. Its admission, under these circumstances, was, in the opinion of the court, such an error as entitles the defendant to a new trial.

*Exceptions sustained.*

*New trial granted.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.