## JEFFREY v. THE K. & D. M. R. Co.

1. **Railroads: EVIDENCE: RULE OF COMPANY.** Where, in an action against a railroad company for damages for personal injuries, a rule of the company prohibiting running switches was permitted to be introduced, and the evidence showed that the injury was not caused by an attempt to make a running switch, *held* that, under the circumstances, the introduction of the rule constituted prejudicial error.

2. **Verdict: PASSION AND PREJUDICE.** A finding of the jury in favor of the plaintiff, and directly in conflict with his own testimony, was *held* to indicate that the jury were influenced by passion in arriving at their verdict.

*Appeal from Van Buren Circuit Court.*

FRIDAY, JUNE 13.

ACTION to recover for personal injuries received by the plaintiff while an employe of the defendant in operating its road. At the time of the accident the plaintiff was riding upon a construction train consisting of several flat cars and a caboose, the latter being the rear car. The train was near a station, where it was to be allowed to remain until the next day. The caboose was to be put upon a side track upon one side of the main track, and the rest of the train upon a side track upon the other side. The caboose was cut off while the train was in motion, with the design of stopping it upon the main track and afterward placing it upon the side track. The train was in charge of one O'Neill, who detached the caboose, the movement of the train having been slackened for that purpose. O'Neill stood at the door of the caboose. Having detached it he signalled to the engineer to increase speed, which resulted not only in taking up the slack but in a slight jerk. The plaintiff was standing upon the flat car from which the caboose had been detached, near the rear end of the car. The jerk caused him to lose his equilibrium, and in stepping rearward to regain it he fell off and was run over by

the caboose, which was following not far behind. One of his legs was crushed and amputation was made necessary. He complains that O'Neill was negligent in causing the sudden forward movement of the train without giving him due warning. Other facts are stated in the opinion. There was a trial by jury, and verdict and judgment were rendered for the plaintiff for six thousand five hundred dollars. The defendant appeals.

*Gillmore & Anderson* and *Lea & Beaman,* for appellant.

*Craig & Collier,* for appellee.

ADAMS, J.—The plaintiff was allowed to introduce in evidence, against the objection of the defendant, a rule of the company adopted for the government of its employes, prohibiting "flying or running switches." It is insisted that the rule was irrelevant and immaterial, because it appears from the evidence that no such switch was made or attempted.

1. RAILROADS: evidence: rule of company.

The rule certainly was inadmissible, unless there was evidence tending to show that it was violated, and that the accident occurred by reason of the acts by which it was violated. The only object of introducing the rule must be to make that negligence, which but for the rule, and the violation of it, would not be negligence. Where an act is such as to constitute negligence of itself, independent of any express rule and its violation, there can be nothing gained by proof of the rule and its violation. Whether an act, which of itself falls short of constituting negligence, can be held to be negligence by reason merely of its being a violation of an express rule of the company we need not determine. It is sufficient to say that the evidence, we think, does not show, or tend to show, a violation of the rule in question. The rule prohibits running switches. But what was done was not done in making a running switch, nor with the view of making one. The caboose was, to be sure, to be placed upon the side track, but it was to

be stopped upon the main track and drawn upon the side track by an engine, which, according to the evidence, is precisely not a running switch. A running switch would have been effected by cutting off the caboose while the train was in motion, and causing it, while detached from the engine, to pass upon the side track—the locomotion resulting from the momentum acquired by the caboose while in the train. This is undisputed. But it is said that what was done is the same thing as what is done as a preliminary step to making a running switch—that is, the caboose was cut off while the train was in motion and was allowed to follow. But the evidence tends to show that the danger which makes a running switch especially objectionable occurs when the actual switching takes place. If the plaintiff relies upon something as constituting negligence which would fall short of negligence, but for an express rule of the company, and its violation, he must show an actual violation.

We have considered whether, under the special findings, the defendant could have been prejudiced by the admission of the rule in evidence. The first special finding is as follows: "Was it negligence for the conductor, O'Neill, to cut off the caboose while the train was in motion, and to signal the engineer to let on steam while the men were standing on the rear flat car?" *Ans.* "Yes." It is quite possible that the jury believed that the acts in question constituted negligence, independent of the rule and its alleged violation. If they did, and had so specially found, then, clearly, the admission of the rule in evidence might have been held to be without prejudice. But it was claimed, in effect, if not especially insisted upon, before the jury, that the acts in question constituted negligence because they were in violation of an express rule of the company. In our opinion, therefore, the rule was not only improperly admitted, but the admission was not without prejudice.

2 VERDICT: passion and prejudice.

We remand this case for another trial with less reluctance,

because there is some indication in the record that the jury was not free from passion. One of the special findings is as follows: "Did the plaintiff have reasonable cause to know, by hearing the conductor's warning, or by seeing the pin pulled, that the car on which he stood was about to be separated from the caboose next behind it?" *Ans.* "No." This finding was made against the express testimony of the plaintiff himself that he did know it.

We do not by any means deem the fact that he knew that the caboose was about to be separated as decisive of the case against him. It was a mere circumstance, tending to establish contributory negligence. If the jury had answered the question in the affirmative instead of the negative, such answer would not necessarily have been inconsistent with the general verdict. But a special finding so manifestly against the evidence is an indication of passion. Such a fact, in a proper case, in the discretion of the court below, might be allowed its influence in connection with other things in determining the question of granting a new trial.

Several other questions are presented, but as they will not probably arise again, we omit to consider them.

REVERSED.