OF THE

## STATE OF WASHINGTON,

AT THE

## MAY SESSION, 1894.

[No. 926. Decided May 17, 1894.]

H. C. COMEGYS, *Respondent*, v. THE AMERICAN LUMBER
COMPANY, *Appellant*.

AGENCY — EVIDENCE — DECLARATIONS OF AGENT — INSTRUCTIONS.

Agency can never be established by the declarations of an alleged
agent; and the erroneous admission of such declarations in evi-
dence in an action against the alleged principal are not cured by
a charge to the jury that agency cannot be proved by the declara-
tions of the agent, unless it appears reasonably certain from all
the facts and circumstances in the case that no injury has resulted
to the defendant by reason of the admission of such testimony.

In an action for the price of logs plaintiff should be non-suited,
when the evidence of a sale to defendant is that the logs were pur-
chased by an alleged agent, and the only proof of the alleged agency
were the declarations of the agent himself, which there was no
testimony adduced to show had ever been brought to the knowl-
edge of defendant and ratified in any way.

In an action to recover upon an express contract for the sale of
logs, an instruction that if defendant had converted the logs to its
own use it would be liable for their value, is erroneous.

*Appeal from Superior Court, King County.*

*Struve & McMicken*, and *James Kiefer*, for appellant.
*Ronald & Piles*, for respondent.

The opinion of the court was delivered by

ANDERS, J.— The respondent instituted this action to recover the purchase price of logs claimed to have been sold appellant. It is alleged in the complaint that the defendant at all the times therein mentioned was and still is a corporation organized and existing under and by virtue of the laws of the State of Washington, and engaged in lumbering and the manufacture of lumber in Seattle, Washington; that on July 21, 1891, the defendant became and still is indebted to the plaintiff in the sum of $711.83 on account of saw logs sold and delivered by plaintiff to defendant at its special instance and request, and for which the defendant then and there agreed to pay plaintiff the said sum of $711.83, no part of which has been paid. For a second cause of action it is alleged that on said July 21, 1891, the defendant became indebted to James Pearl in the sum of $677.93, on account of saw logs then and there sold and delivered by said James Pearl to defendant and at its special instance and request, which amount the defendant agreed to pay therefor, but which sum has not been paid, nor any part thereof, and that on February 25, 1892, the said Pearl for a valuable consideration sold, assigned and set over to the plaintiff all his right, title and interest in and to his said claim against the defendant for and on account of said sale of logs.

The contract for the transfer of the logs mentioned in the complaint was made, as the undisputed testimony shows, with one William Melvin, and the plaintiff, in order to prove the allegations of the complaint, undertook to show to the court and jury that the said Melvin was in fact the agent of the defendant, and that the logs were really sold to defendant, through him as such agent. During the course of the trial, the court permitted both the plaintiff and his assignor Pearl to testify, over the objec-

tion of the defendant, that Melvin, when he proposed to them to purchase the logs in question, stated that he was the agent of the appellant, and desired to buy the logs for it.   This ruling of the court was clearly erroneous.   In no event are the mere declarations or admissions of an alleged agent, made out of court, competent testimony to establish the fact of his agency.   No one can clothe himself with power to represent another or to bind him by his acts or declarations.   An agent is but the creature of his principal and derives all of his power as such from his principal, and an agency can only be established by showing some admission, act or declaration of the alleged principal. But the fact of agency being once established by proper evidence, then the acts and declarations of the agent done or made within the scope of his agency, and while employed in or about the business of his principal, are binding upon the principal, for the reason that the acts and declarations of the agent are then deemed to be the acts and declarations of the principal himself.   But this principle cannot apply to declarations which merely go to show the existence of the agency.

This distinction was obviously overlooked by the learned counsel for the respondent, for it is urged by them in their brief that there was no error in the ruling of the court under consideration because there was other evidence in the case tending to establish Melvin's agency, and the question then was as to the order of the proof merely, which was clearly within the discretion of the court.   We concede that it was within the discretion of the court to admit such declarations and admissions of Melvin in evidence as would have been binding upon the appellant, if he was in fact its agent, without first calling for proof of his agency, although we think such a practice should not be adopted except for special reasons; but the fact is that the testimony here complained of was not admissible at

any time, or at all.   Mechem on Agency, § 100; *Peck v. Ritchey*, 66 Mo. 114.

Nor do we think the court cured the error complained of by charging the jury generally that the agency of Melvin could not be proved by his own declarations.   To effect that result the objectionable testimony should at least have been specifically withdrawn from the consideration of the jury, and even if that had been done it would still be difficult to say, under the circumstances, that it would have been altogether harmless to appellant.   The appellant, like every other suitor in a court of justice, had a legal right to insist that only competent testimony should be adduced against it, and incompetent testimony having been introduced over its objection, the judgment against it should be reversed, unless from all the facts and circumstances in the case, including the charge of the court to the jury, it appears reasonably certain that no injury resulted therefrom to the appellant.   *State v. Meader*, 54 Vt. 126; *Mussey v. Mussey*, 68 Me. 346; *Crane v. Andrews*, 6 Col. 353; *Farmers'*, etc., *Bank v. Whinfield*, 24 Wend. 418.

And in this case we are by no means convinced that the testimony objected to did not influence the minds of the jury unfavorably to the defendant.

It is contended by appellant that the evidence on the part of the plaintiff in the court below was insufficient to prove a cause for the jury, and that the court therefore erred in denying its motion for a non-suit at the close of plaintiff's testimony.   And as we view the evidence the motion should have been granted.   The allegations of the complaint show that respondent based his right of recovery upon the fact that he had sold and delivered the logs in dispute to the appellant, and he tried his case entirely upon the theory that Melvin was the agent of the appellant, and that a sale to him was a sale to appellant.   But at the time the motion for non-suit was interposed no evidence

had been offered on the part of the plaintiff to establish the agency of Melvin, which was denied by the defendant, except his own declarations, and no testimony whatever had been adduced to show any knowledge of these declarations of Melvin on the part of any authorized officer of the defendant corporation.

We cannot agree with respondent's counsel in their contention that the statements made by McMasters, the general business manager of the appellant, to respondent, when the latter presented his bill for the value of the logs, or the statement of McConnell, appellant's log buyer, to Pearl, when the former went to examine the logs to ascertain if their quality was such as was represented by Melvin, amounted to an admission that Melvin was appellant's agent.    Nothing that was said or done by either McMasters or McConnell could, in our judgment, be reasonably construed into a recognition of an agency on the part of Melvin.    Nothing was said in those conversations by appellant's agents, or either of them, inconsistent with the claim of appellant that it had agreed to buy these logs from Melvin, who claimed to be the absolute owner of them.    In fact, although the logs had been towed to appellant's mill by direction of Melvin, prior to the time when the respondent presented his bill for their value, they had not been received by the appellant, but had been rejected, and the sale had not at that time been consummated, and appellant did not then claim to be the owner of the logs.

We fully recognize and approve the rule contended for by the respondent, that the weight of the evidence is a question for the consideration of the jury.    But, where, in a given case, the plaintiff fails to produce any evidence beyond mere conjecture to support the allegations of his complaint, we think the defendant is entitled, under the statute, to a judgment of non-suit.    It was not denied by

the defendant that it bought these logs from Melvin, but it was denied that Melvin was ever authorized to purchase them, or any other logs, from the respondent, or any other person, for it or on its account.    The question of Melvin's agency was, therefore, the controlling question in the case, and plaintiff was not entitled to a recovery until he had established this controverted fact; and, having failed to produce any evidence from which the jury could have legitimately concluded that Melvin was the agent of the appellant, there was nothing in the case made by the plaintiff for the jury to pass upon.

At the conclusion of the trial the court charged the jury, among other things, that —

"If you find from the evidence that the defendant, or its manager McMasters, knew or had notice prior to the time that he made the alleged payment to Melvin for the logs, that the plaintiff and the witness Pearl were the owners of, or claimed to be the owners of the logs in question, and with such knowledge purchased the logs from Melvin, and converted them to their own use, then I charge you, payment, if any you find was made to Melvin, was made at its hazard, and the plaintiff is entitled to recover for the reasonable value of said logs if you find by a preponderance of the evidence that plaintiff and witness Pearl were the owners of the logs."

This instruction, although a correct statement of the law in a proper case, was not pertinent to the issues to be determined by the jury.    The plaintiff in his complaint had stated the facts constituting his cause of action in accordance with the requirements of the code, and the cause of action stated was based upon an express contract, and could not be proved by showing that the defendant was guilty of a tort.    The question as to whether the defendant had converted the property of the plaintiff to its own use, and was, therefore, liable for its value, was not in issue, and should not have been submitted to the jury.    It

is not in accordance either with the letter or the spirit of the code to permit a plaintiff to allege one state of facts in his complaint and to recover by proof of an entirely different state of facts at the trial. *Distler v. Dabney*, 3 Wash. 200 (28 Pac. 335).

The appellant further contends that the court erred in refusing to give the first and second instructions asked for by the defendant in their entirety, and it seems to us that the court should have given them as requested, for certainly if the part given was good law, the portion omitted was equally correct.

We are also of the opinion that the fourth and fifth instructions asked for by the defendant should have been given without modification by the court, as the law applicable to the case was more clearly stated therein than it was in the instructions as given.

As we feel fully satisfied from a careful consideration of all the evidence in the record that the appellant is at least entitled to a non-suit, we will not now undertake to pass upon the question raised by the court's refusal to direct the jury to return a verdict in favor of the defendant at its request.

The judgment is reversed, and the cause remanded to the lower court with instructions to enter a judgment of non-suit upon defendant's motion.

HOYT and STILES, JJ., concur.

DUNBAR, C. J., and SCOTT, J., dissent.