[No. 5605. Decided September 20, 1905.]

EMIL LARSON, *Appellant,* v. AMERICAN BRIDGE COMPANY OF NEW YORK, *Respondent.*[1]

EVIDENCE—AGENCY—HEARSAY. Upon an issue as to whether plaintiff's employer, one G, was an independent contractor or merely the agent of the defendant (the principal contractor in the construction of a building), the declarations of G are inadmissible for the purpose of showing that he was merely an agent.

CONTRACTS—CONSTRUCTION. The construction of a written contract which is unambiguous, is a question for the court, without submission to a jury.

MASTER AND SERVANT — INDEPENDENT CONTRACTOR — NEGLIGENCE — LIABILITY OF ORIGINAL CONTRACTOR TO SERVANTS OF SUBCONTRACTOR. Subcontractors for the erection of a structure under a written contract whereby they have sole charge of the erection work, entirely controlled its method, and employed the men, are independent contractors, and the original contractor is not liable to those engaged upon the work for personal injuries due to the neglect of the subcontractors, since the relation of master and servant does not exist; and the retention of the right to supervise the work for the purpose of merely determining whether it is done according to the contract does not affect the independence of the relation.

TRIAL—SPECIAL INTERROGATORIES—NO EVIDENCE TO SUSTAIN ANSWERS—ESTOPPEL—CHALLENGE TO SUFFICIENCY OF EVIDENCE—WHEN NOT WAIVED. Requesting the submission of special interrogatories

[1]Reported in 82 Pac. 294.

does not make the answers binding, where there was no evidence to sustain the findings, and the defendant had challenged the sufficiency of the evidence by motions for nonsuit and for a directed verdict for insufficiency of the evidence.

APPEAL—DECISION—GIVING RESPONDENT BENEFIT OF ERROR. Where there was no evidence to sustain a verdict against the defendant and his challenge to the evidence was improperly overruled, but a verdict for the plaintiff was set aside and a new trial granted on other grounds, the defendant is entitled, on appeal by the plaintiff, to a dismissal of the case.

Appeal from an order of the superior court for Spokane county, Belt, J., entered November 16, 1904, setting aside the verdict of a jury rendered in favor of the plaintiff, and granting a new trial, on motion of the defendant. Affirmed in part and reversed in part.

*Robertson, Miller & Rosenhaupt,* for appellant.
*Graves, Palmer, Brown & Murphy,* for respondent.

HADLEY, J.—This is an action to recover damages for personal injuries. The defendant Centennial Mill Company is the owner of a flour mill, situate in the city of Spokane. The complaint alleges, that said defendant was engaged in the construction of certain steel storage wheat tanks, adjacent to its mill; that the defendant American Bridge Company of New York carries on the general business of constructing iron and steel structures within the state of Washington, and was engaged in the construction of said tanks as a contractor, subject to the control of its codefendant; that the plaintiff, as a structural iron worker, was in the employ of the defendants, engaged by them to work upon the construction of the tanks; and that, while so at work, he was injured by reason of the falling of a platform, owing to the negligence of the defendants.

The mill company answered, that it entered into a contract with its said codefendant, whereby the latter was to furnish and deliver all material, and was to manufacture

15—40 WASH.

and erect the said steel tanks; that the mill company under said contract had neither authority to employ the plaintiff nor to exercise any supervision over him, nor any other person employed in the erection of the tanks; and that the plaintiff was working for other persons who were independent contractors. The codefendant, the American Bridge Company, also denied that plaintiff was in its employ, and alleged that he was working for other persons who were independent contractors.

The cause was tried before a jury. At the close of the testimony submitted by the plaintiff, the defendants each challenged the sufficiency of the evidence, and moved that the case be withdrawn from the jury, and that judgment of dismissal be entered as to each defendant. The motion was granted as to the Centennial Mill Company, but denied as to the American Bridge Company. The latter then submitted its testimony and, at the close of all the testimony, renewed its challenge to the evidence, and again moved for judgment of dismissal. The challenge and motion were denied, and the cause was submitted to the jury under instructions. A verdict was returned in favor of plaintiff. The verdict was afterwards set aside on motion for new trial, and a new trial granted. From the order granting the new trial, the plaintiff prosecutes this appeal.

It is assigned that the court erred in granting the new trial. The record shows that the court granted the new trial on the theory that there was no competent evidence showing that appellant was employed by, or was working for, the American Bridge Company at the time of the accident. It was contended below, and is contended here, that there was such evidence. We think, however, that the evidence wholly showed that the American Bridge Company sublet the contract for the erection of the tanks to Gerrick Brothers, and that appellant was in the employ of the latter. It is our view that there was no competent evidence to the contrary. It is true, the court permitted appellant to testify,

over respondent's objection, that one of the Gerricks said to him, in effect, that the American Bridge Company was doing the work, and that he (Gerrick) was working for said company. We think the evidence admitted as aforesaid was clearly inadmissible. It was merely testimony concerning the declaration of said Gerrick as to his own agency for the American Bridge Company. This court has repeatedly held that the declaration of an agent is not admissible to establish his agency. *Comegys v. American Lumber Co.*, 8 Wash. 661, 36 Pac. 1087; *Western Security Co. v. Douglass*, 14 Wash. 215, 44 Pac. 257; *Gregory v. Loose*, 19 Wash. 599, 54 Pac. 33.

Appellant alleged in his complaint that he was in respondent's employ, and the burden was upon him to show that fact. The testimony, however, showed that respondent was not engaged in the actual erection of the tanks, but that the work was being done under subcontract by Gerrick Brothers, and that appellant was in their employ. The contract between respondent and Gerrick Brothers was in writing, was unambiguous, and should have been construed by the court without submission to the jury. Respondent has cited numerous authorities upon this point, but the proposition is so generally established by authority that we shall not reproduce the citations here. Under said contract, Gerrick Brothers entered upon and prosecuted the work of erecting the tanks, and were so engaged when appellant, as their employee, was injured. One of the Gerricks so testified at the trial, the other having died from injuries received in the same accident. The Gerricks had sole charge of the erection work, controlled the method of doing it, and employed the men for that purpose, of whom appellant was one.

Were they independent contractors? The general test which determines the relation of independent contractor is that he shall exercise an independent employment, and represent his employer only as to the results of his work and

not as to the means whereby it is to be accomplished. The chief consideration is that the employer has no right of control as to the mode of doing the work; but a reservation by the employer of the right to supervise the work, for the purpose of merely determining whether it is being done in accordance with the contract, does not affect the independence of the relation. 16 Am. & Eng. Ency. Law (2d ed.), 187, 188. Where the means by which the work is to be accomplished are entirely under the control of the subcontractor, where he alone employs the servants who aid in the construction work, and where the original contractor is not shown to have been negligent in the selection of the subcontractor, or in furnishing defective material, or otherwise, the subcontractor becomes an independent contractor, and his employer is not liable for injuries arising from the former's neglect. Under such circumstances there is no privity between the original contractor and injured persons. In the case of employees, the relation of master and servant does not exist between the original contractor and those engaged upon the work as employees of the independent contractor. The doctrine of *respondeat superior* does not apply. In support of these general principles see, *Ziebell v. Eclipse Lumber Co.*, 33 Wash. 591, 74 Pac. 680; *Miller v. Moran Bros. Co.*, 39 Wash. 631, 81 Pac. 1089; *Aldritt v. Gillette-Herzog Mfg. Co.*, 85 Minn. 206, 88 N. W. 741; *Hughbanks v. Boston Inv. Co.*, 92 Iowa 267, 60 N. W. 640; *Pioneer Fireproof Const. Co. v. Hansen*, 176 Ill. 100, 52 N. E. 17. Respondent cites many other cases, a number of which are also cited in the opinions above mentioned. In consideration of the authorities defining and applying the doctrine of independent contractor, we think all the evidence in this case shows that Gerrick Brothers were such. Appellant having been in their employ, no privity existed between him and respondent, and the latter is not liable.

Respondent submitted special interrogatories to the jury on the question of independent contractor. The jury an-

swered them against respondent, and appellant urges that respondent is now estopped from claiming that there was no evidence in support of the verdict and findings of the jury. Appellant cites, *Dixon v. Bausman,* 17 Wash. 304, 49 Pac. 540, and *Mitchell v. Matheson,* 23 Wash. 723, 63 Pac. 564. We think the cases are not controlling here, for the reason that it does not appear in either case that either a motion for nonsuit or challenge to the evidence was interposed. And moreover, in each case the opinion shows that there was evidence in support of the findings, which we have seen is not true in the case at bar. Respondent seasonably challenged the sufficiency of the evidence, both at the close of appellant's testimony and also at the close of all the testimony. Having been overruled, it was compelled to yield to the view of the court, and the mere fact that it submitted special interrogatories should not make the answers binding when there was no evidence whatever to support them. The fact that the jury answered the questions with no evidence upon which to base the answers does not make them binding, but shows that the jury were not unbiased, and for that reason the findings should be set aside. *Atchison etc. R. Co. v. Hine,* 5 Kan. App. 748, 47 Pac. 190; *Southern Kansas R. Co. v. Michaels,* 49 Kan. 388, 30 Pac. 408; *Jeffrey v. Keokuk etc. R. Co.,* 51 Iowa 439, 1 N. W. 765; *Waterbury v. Chicago etc. R. Co.,* 104 Iowa 32, 73 N. W. 341.

When ruling upon the motion for new trial, the court stated that, as there was no competent evidence whatever to sustain the findings, they would be set aside. The court was then convinced that it had misapprehended the evidence at the time respondent interposed its challenge thereto. Such was clearly the case, and it was not error to set aside the findings and also the general verdict.

Respondent asks, inasmuch as the evidence shows no cause of action against it, that the cause shall be remanded with instructions to dismiss the action. We think this request

should be granted.    Respondent was entitled at the trial
to have its challenge to the evidence sustained, and it is
still entitled to it.    *Bernhard v. Reeves,* 6 Wash. 424, 33
Pac. 873.

The action of the court in setting aside the verdict is
affirmed; but the cause is remanded with instructions to
vacate so much of the order as grants a new trial, and to
enter a judgment dismissing the action.

MOUNT, C. J., DUNBAR, and CROW, JJ., concur.

ROOT and FULLERTON, JJ., took no part.