[No. 18574. Department One. June 20, 1924.]

FRED ANNING *et al., Respondents,* v. ROTHSCHILD &
COMPANY, *Appellant,* JAMES HALLORAN,
*Defendant.*[1]

PRINCIPAL AND AGENT (8) — EVIDENCE (92) — DECLARATIONS OF
AGENT—RES GESTAE. It being inadmissible to prove agency by the
declarations of the agent, it is not permissible to show an admission
by the driver of an automobile at the time of an accident that he
was driving as agent of the owner of the car; and the *res gestae* rule
does not override the general rule.

EVIDENCE (30)—PRESUMPTIONS—REBUTTAL—PRIMA FACIE CASE.
A presumption is not evidence, and its force is spent when the oppo-
site party has produced prima facie evidence in his favor.

MASTER AND SERVANT (174, 182)—INJURY TO THIRD PERSONS—
SCOPE OF EMPLOYMENT—EVIDENCE—SUFFICIENCY. Where the unsup-
ported presumption that the driver of an automobile was acting as
agent of the owner is met by uncontradicted evidence that he asked
for and obtained the loan of the car for his own exclusive use, the
court should rule, as a matter of law, that the owner is not liable
for the driver's negligence.

Appeal from a judgment of the superior court for
Pierce county, Card, J., entered October 8, 1923, upon
the verdict of a jury rendered in favor of the plaintiffs,
in an action in tort. Reversed.

*J. Speed Smith* and *Henry Elliott, Jr.,* for appellant.
*Hayden, Langhorne & Metzger,* for respondents.

TOLMAN, J.—Respondents, as plaintiffs, recovered
judgment in the trial court against appellant in the
sum of $2,000, based on a verdict of a jury, for per-
sonal injuries sustained by respondent Pauline Anning
in an automobile collision between the car in which she
was riding and one belonging to the appellant.

[1]Reported in 226 Pac. 1013.

After the evidence was in, and before the case was submitted to the jury, appellant moved for a directed verdict upon the ground that, according to all of the competent evidence in the case, the automobile which caused the injury, while belonging to it, was not then being operated in or about its business, or by any employee or agent of the appellant company, but was then in the possession of, and being operated solely for the pleasure of, or in the transaction of personal business of, the defendant Halloran, to whom appellant had loaned the machine. This motion was denied, and after the verdict appellant made its motion for judgment *non obstante veredicto* on the same grounds. This motion was also denied, and the appeal is from a judgment on the verdict.

The errors assigned are all based upon the denial of the motions mentioned, and raise the single question of there being any competent evidence in the case to go to the jury on the particular subject referred to in the motions.

Appellant admits the ownership of the car which caused the injuries, and had there been no evidence at all upon that question, the presumption would follow that, at the time complained of, the car was in its possession and being operated in and about the owner's business. Aside from this presumption, the only evidence offered by respondents on this point was that of certain witnesses who were permitted to testify, over appellant's objection, that the defendant Halloran had said shortly after the accident occurred that he had been to Tacoma in the car on business for appellant. The trial court, while recognizing the rule that agency cannot be proven by the declarations or admissions of the supposed agent, seems to have admitted this evidence upon the theory that any statement then made by Halloran would be a part of the *res gestae*. We

have long held that the declarations of the alleged agent are not competent to establish the fact of agency. *Comegys v. American Lumber Co.,* 8 Wash. 661, 36 Pac. 1087; *Western Security Co. v. Douglass,* 14 Wash. 215, 44 Pac. 257; *Gregory v. Loose,* 19 Wash. 599, 54 Pac. 33. In the first mentioned case it was said:

"In no event are the mere declarations or admissions of an alleged agent, made out of court, competent testimony to establish the fact of his agency. No one can clothe himself with power to represent another or to bind him by his acts or declarations. An agent is but the creature of his principal and derives all of his power as such from his principal, and an agency can only be established by showing some admission, act or declaration of the alleged principal. But the fact of the agency being once established by proper evidence, then the acts and declarations of the agent done or made within the scope of his agency, and while employed in or about the business of his principal, are binding upon the principal, for the reason that the acts and declarations of the agent are then deemed to be the acts and declarations of the principal himself. But this principle cannot apply to declarations which merely go to show the existence of the agency."

This disclosure of the reason for the rule is a complete answer to any argument to the effect that it may be violated under the rule of *res gestae.* Clearly, if the supposed agent may not bind his principal until there be other evidence of the agency, in no event and under no conditions can a litigant be prejudiced by the introduction of the admissions of a third person until there be evidence of the authority of such person to bind him. It is well settled that the *res gestae* rule does not override the general rule. Jones on Evidence (2d ed.), § 356.

It follows, then, that this evidence, having been improperly admitted, should be now disregarded, and we have this question of whether or not the car was being

operated for and on behalf of its owner, supported only by the presumption previously referred to. Against that presumption the record discloses the testimony of two apparently disinterested witnesses, and several others more or less interested, on behalf of the appellant, who each testified in effect that Halloran asked for and obtained the loan of the car for his own exclusive use. Under this state of facts, what becomes of the presumption?

In *Scarpelli v. Washington Water Power Co.,* 63 Wash. 18, 114 Pac. 870, we quoted and adopted the following from the language of the supreme court of South Dakota:

" 'A presumption is not evidence of anything, and only relates to a rule of law as to which party shall first go forward and produce evidence sustaining the matter in issue. A presumption will serve as and in the place of evidence in favor of one party or the other until *prima facie* evidence has been adduced by the opposite party; but the presumption should never be placed in the scale to be weighed as evidence. The presumption, when the opposite party has produced *prima facie* evidence, has spent its force and served its purpose, and the party then, in whose favor the presumption operated, must meet his opponent's *prima facie* evidence with evidence and not presumptions. A presumption is not evidence of a fact, but purely a conclusion. Elliott Ev. §§ 91, 92, 93; Wigmore Ev. §§ 2490, 2491.' "

See, also, *Nicholson v. Neary,* 77 Wash. 294, 137 Pac. 492; *Welch v. Creech,* 88 Wash. 429, 153 Pac. 355, L. R. A. 1918A 353; *Beeman v. Puget Sound Traction, L. & P. Co.,* 79 Wash. 137, 139 Pac. 1087; and *Singer v. Metz Co.,* 107 Wash. 562, 182 Pac. 614, 186 Pac. 327.

The presumption having been removed by positive testimony of disinterested witnesses, the case falls within the rule laid down in *Ludberg v. Barghoorn,* 73 Wash. 476, 131 Pac. 1165, where it is said:

"But where upon the defense it is shown conclusively and without any substantial dispute that the automobile was not being used at the time of the injury in the defendant's employment or upon his business, and was being used by some other person on business of his own and without any reference to the business of the owner, it becomes the duty of the court to direct the judgment under Rem. & Bal. Code, § 340."

This rule was followed in *Morris v. Raymond,* 101 Wash. 34, 171 Pac. 1006; *Savage v. Donovan,* 118 Wash. 692, 204 Pac. 805; and *Jones v. Harris,* 122 Wash. 69, 210 Pac. 22, and must be followed here.

The judgment appealed from is reversed, with directions to dismiss the action as to the appellant only.

MAIN, C. J., MACKINTOSH, and PARKER, JJ., concur.