[No. 37715. Department One. November 18, 1965.]

SECURITY STATE BANK, *Respondent,* v. WALTER H. KLASEY, *Appellant.**

*Tollefson & Tollefson,* for appellant.

*Campbell & Gober,* by *Lee J. Campbell,* for respondent.

BARNETT, J.†—Defendant appeals from an adverse judgment rendered in a suit on a note for $16,000, together with interest, attorneys' fees and costs, and for foreclosure of a mortgage held as security.

The uncontroverted facts are that, in September of 1960, the Klasey Chevrolet Company (hereinafter called the corporation) was indebted to the Security State Bank, respondent here (hereinafter called the bank), in the near

*Reported in 407 P.2d 983.

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

amount of $60,000, of which $16,000 was then due. This $16,000 obligation due the bank was comprised of loans and other items held by the bank.

The president and controlling stockholder of the indebted corporation was one Jess Klasey, who owned all but two shares of the stock. One share was owned by his wife; the other by his brother, Walter H. Klasey, defendant in this lawsuit and appellant here. Besides being a single-share stockholder, Walter was also a corporation officer, although he rarely participated in its affairs.

- In September of 1960, the bank pressed the corporation for payment of the due indebtedness. The corporation was considered so financially unsound by the bank that it had refused to extend further credit without adequate security. During this period, the evidence shows that several discussions were held among Jess, Walter, and certain bank officers concerning possible ways of paying off the company's current obligations. At this point, the parties disagree as to what happened. The position of the bank is that Walter Klasey and the bank orally agreed that a loan of $16,000 would be made to Walter, the entire proceeds to be applied to the corporation's due indebtedness to the bank. There is ample testimony by the cashier-manager of respondent bank to this effect. Walter executed and delivered to the bank a note as evidence of the loan, and also a real-estate mortgage as security. Upon receipt of the note and mortgage, the bank promptly disbursed the loan proceeds to pay off the various items of indebtedness which it held, which disbursements were made according to the oral agreement between Walter and the bank.

Appellant asserts, on the other hand, that he made no agreement with the bank that the entire loan proceeds were to be applied to the corporation's indebtedness; that only $5,000 of the proceeds were to be so disbursed; that when the bank applied all of the proceeds, it did so without his authority, and contrary to his express direction. His defense to the suit on the note is, therefore, that there was a failure of consideration, as he at no time received the loan proceeds, nor were they credited to his account.

The trial court chose to accept the bank's version of the facts. Five of appellant's seven assignments of error are directed to the sufficiency of the evidence to support this finding.

Appellant relies heavily on a document which, he asserts, delineates the only authority given the bank to disburse the loan proceeds. One month prior to the execution of the note and mortgage, Walter and Jess Klasey entered into a written agreement as follows:

> For and in consideration of Walter Klasey supplying sufficient collateral to make available to the Klasey Chevrolet Company Five Thousand Dollars ($5000.00) cash in credit at the Security State Bank in Chehalis now, and Eleven Thousand Dollars ($11,000.00) at the time the sale hereinafter mentioned is made, Jess Klasey for himself individually and as President of the Klasey Chevrolet Company, Inc., agrees that he will sell the Chevrolet Agency of said company at Morton, Washington, within sixty days from this date.

The writing was immediately delivered to the bank and was retained by it to the date of trial. This agreement, argues appellant, clearly proves that the bank's only authority was to disburse the loan proceeds as directed therein. But a bank officer testified with sufficient persuasion to convince the trial judge that the bank did not accept this written agreement as a condition of the loan; that the only transaction which interested the bank was an arrangement enabling the payment of the current corporate debts; and that the loan was in fact made pursuant to the oral agreement between the bank and Walter, wherein Walter directed that the entire proceeds should be applied to clear up the corporation's debts.

Appellant contends that the bank cannot sufficiently prove its authority to disburse the proceeds by self-serving parol testimony, and cites *Larson v. American Bridge Co.,* 40 Wash. 224, 82 Pac. 294 (1905), as authority. That case does not so hold. It is the out-of-court declarations of the purported agent that are incompetent to prove the agency relationship, and the *Larson* case holds no more. Ours is not such a case.

■ The trial judge was in a position to confront the witnesses, and to observe their conduct and demeanor. He was presented with two versions of the facts. He rejected one and accepted the other. There is substantial evidence to support his choice. It cannot be disturbed here. *Bergman v. Johnson,* 66 Wn.2d 858, 405 P.2d 715 (1965); *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959).

Appellant makes two further assignments of error. He maintains that parol testimony is inadmissible to alter the terms of the written agreement which was delivered to the bank. This issue is moot in view of the finding that the agreement was not adopted by the bank as part of the loan contract.

Finally, appellant asserts that his promise to the bank was to pay the debt of another and, therefore, is unenforceable, not being incorporated in a memorandum as required by the Statute of Frauds. This claim is meritless. The debt sued upon is appellant's own, as he is maker of the note. The corporation's debt, having been paid, no longer exists.

Judgment affirmed.

HILL, OTT, HUNTER, and HAMILTON, JJ., concur.

---

January 19, 1966. Petition for rehearing denied.